IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-02862-CMA-NYW

STACIE R TRUJILLO, and
CHAD S KELLER,

    Plaintiffs,

v.

STEVEN G. WRENN, in his individual and official capacity,
ANTHEA L. CARRASCO, in her individual and official capacity,
THE ERIE POLICE DEPARTMENT (EPD), a municipality of Weld County,
KIMBERLY A. STEWART, in her individual and official capacity,
RICHARD L. MATHIS, in his individual and official capacity,
BRANIN NEWMAN, in his individual and official capacity,
CHRISTINA MUZZIPAPA, in her individual and official capacity,
KATE GOMOLSON, in her individual and official capacity,
JAMES D. HOYSICK, JR, in his individual and official capacity,
BOBBY G. SISNEROS, JR., and
BOARD OF COUNTY COMMISSIONERS FOR WELD COUNTY,

    Defendants.

---

## ORDER AFFIRMING AND ADOPTING
## RECOMMENDATION OF MAGISTRATE JUDGE

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Nina Wang. (Doc. # 99). For the following reasons, the Recommendation is affirmed in part and modified in part.

1

## I.     BACKGROUND

This is ostensibly a 42 U.S.C. § 1983 case. Plaintiff Stacie Trujillo claims that she lost custody of her children after her ex-husband falsely told police that she was living with a sex offender. (Doc. #76, ¶¶ 20-27). She is now suing her ex-husband – along with his lawyer, the Board of County Commissioners, the Erie Police Department, and others – alleging violations of her constitutional rights. (Doc. # 76, ¶¶ 9-19). She claims that Defendants (1) violated her right to familial association without due process of law (Claim I); (2) engaged in a conspiracy to do the same (Claim II); and (3) perpetrated a fraud upon the Adams County District Court (Claim III). (Doc. # 76, ¶¶ 52-80).

Chad Keller – the alleged sex offender – is also a plaintiff in this case. Keller claims that he was never convicted of a sex offense and that Defendants defamed him by saying otherwise. He is asserting two claims for "Deprivation of Right to liberty, dignity, ordinary civilian opportunities to work and earn a living": one claim arising under 28 U.S.C. § 4101 (Claim IV) and one arising under 42 U.S.C § 1983 (Claim V). (Doc. # 76, ¶¶ 81-105).

Defendants filed dismissal motions (Docs. ## 80, 81, 82, 90), which this Court referred to Judge Wang for a recommendation (Docs. # 84, 91). Judge Wang recommends dismissing Claims I, II, and III on the ground that they are barred by the *Rooker-Feldman* doctrine (Doc. # 99, pp. 16-26); dismissing Claim IV on the ground that it is barred by the applicable statute of limitations (Doc. # 99, p. 32); and dismissing Claim V for failure to state a claim (Doc. # 99, p. 42).

Plaintiffs now object to Judge Wang's Recommendation with respect to claims I, II, IV, and V. (Doc. # 101). The Weld County Defendants – the Board of County Commissioners of Weld County, Anthea L. Carrasco, and Steven Wrenn – also object, seeking clarification of Judge Wang's Recommendation with respect to Claim V. (Doc. # 100).

For the following reasons, Plaintiffs' objections are overruled; Defendants' request for clarification is granted.

## II. LEGAL STANDARD

When a magistrate judge submits a recommendation, the Court must "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." F.R.C.P. 72(b)(3). An objection is proper if it is filed within fourteen days of the magistrate judge's recommendations and is specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (internal quotation marks omitted).

## III. ANALYSIS

### A. NO-OBJECTION RECOMMENDATIONS

As an initial matter, the Court notes that no party has objected to Judge Wang's Recommendation that Claim III be dismissed. "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require

3

district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Applying this standard, the Court is satisfied that Judge Wang's dismissal recommendations with respect to Claim III is sound and that there is no clear error on the face of the record. *See* Fed.R.Civ.P. 72(a). Therefore, the Court affirms and adopts Judge Wang's dismissal recommendation with respect to Claim III.

### B.  PLAINTIFFS' OBJECTIONS

#### 1.  Trujillo's Objections

Trujillo first objects to the dismissal of Claims I and II. Claim I alleges that Defendants "deprived Plaintiff of . . . familial association without due process of law, as guaranteed by the Fourteenth Amendment[.]" (Doc. # 76, ¶ 53). Claim II alleges that all Defendants except James Hoysick conspired to do the same. (Doc. # 76, ¶¶ 62-73). Judge Wang recommends dismissing these claims under the *Rooker-Feldman* doctrine, which prohibits federal courts from reviewing state-court judgments. (Doc. # 99, pp. 16-26). Judge Wang reasoned that Trujillo "asks this court to reevaluate issues and evidence presented and addressed in her domestic proceedings in Adams County District Court." (Doc. # 99, p. 20). "Such a review is prohibited by the *Rooker-Feldman* doctrine . . . and Ms. Trujillo's claims are therefore barred." (Doc. # 99, p. 24).

Trujillo now argues that Judge Wang misunderstood her cause of action: "the Magistrate [Judge] incorrectly interprets that Plaintiff Trujillo is challenging the state court's decision." (Doc. # 101, p. 2). In fact, she argues, "Plaintiff Trujillo's instant action

. . . challenges what the defendants did, not what the state court did." (Doc. # 101, pp. 5-6). The Court disagrees.

Under the *Rooker-Feldman*[1] doctrine, federal district courts lack jurisdiction to review state court judgments. *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir.1991) (noting that "[w]here a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983") (internal quotation marks omitted). Thus, the losing party in a state court proceeding is generally barred "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). Such is the case here.

First, Trujillo's Complaint makes clear that she is seeking review of underlying child custody proceedings. Plaintiff claims that she was stripped of her parenting rights without due process, and the Adams County District Court was the entity charged with providng such due process. (Doc. # 76, ¶¶ 26-27, 40). Plaintiff now claims that the judge who presided over her case failed to afford her the due process she was owed: "Judge Roberto Ramirez of Adams County, Colorado, District Court, without providing Plaintiff any opportunity to be heard, signed an order to restrict parenting time." (Doc. # 76, ¶ 27). This is, indisputably, a challenge to the state court's judgment in the underlying

---

[1] *See Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

child custody proceedings. Therefore, it is barred by the *Rooker-Feldman* doctrine, and this Court has no jurisdiction to hear the case.

Further, Trujillo's constitutional challenge must fail because she could have raised it in the state appellate court. "Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983." *Anderson v. State of Colorado*, 793 F.2d 262, 264 (10th Cir.1986). Trujillo could have raised – and in fact did raise – her due-process arguments on direct appeal. *Anderson*, 793 at 264. The record shows that Trujillo challenged the state court's custody order in the Colorado Court of Appeals, where she argued that the district court had violated her due process rights. (*See* Doc. # 80-1 (Colorado Court of Appeals opinion in case no. 19CA0998 *In re Marriage of Trujillo*), p. 7).[2] Thus, her attempt to relitigate those issues in this Court must fail.

Finally, even if Trujillo were not directly challenging the Adams County District Court's order in the underlying custody dispute, her claims would still fail because they are inextricably intertwined with that order. The *Rooker-Feldman* doctrine bars not only direct review of state court judgments in federal court, but also, bars consideration of claims that are "inextricably intertwined" with a state court judgment. *Read v. Klein*, 1 F. App'x 866, 869 (10th Cir. 2001) (quoting *Facio*, 929 F.2d at 543.). "The fundamental and

---

[2] The Court may consider another court's publicly available records "concerning matters that bear directly upon the disposition of the case at hand" without converting a motion to dismiss to one for summary judgment. *Hodgson v. Farmington City*, 675 F. App'x 838, 841 (10th Cir. 2017).

appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Id*. (quoting *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir.1996)). Trujillo describes her "injury" as follows: "the Adams County District Court effectively ordered that Plaintiff lose all her parenting rights. The order included that Plaintiff: a. Have no parenting time whatsoever. . . . b. Have no legal decision making whatsoever. . . . . Have no contact with her children whatsoever. . . . d. Be divested of all alimony and/or maintenance. . . . e. Be forced to pay child support." (Doc. # 76, ¶ 49). Thus, Trujillo's alleged "injury" not only "resulted from" the state court judgment; it *is* the state court judgment. Therefore, her claims are inextricably intertwined with that judgment and are barred by *Rooker-Feldman*.

Trujillo argues, however, that she "is not asserting her injuries were caused by state-court judgments. They were caused by defendants." (Doc. # 101, p. 5). This argument fails on its face. First, this argument expressly contradicts the argument Trujillo made in her state-court appeal: "Mother contends that the court violated her due process rights when it limited her [parenting] time[.]" (Doc. # 80-1, p. 7). Next, as discussed above, Trujillo cannot even describe her alleged injuries without referring to the state-court judgment. (Doc. # 76, ¶ 49). Therefore, her Complaint can only be fairly read as challenging that order. Therefore, the Court agrees with Judge Wang that Trujillo's claims are subject to dismissal pursuant to the *Rooker-Feldman* doctrine.[3]

---

[3] Because the *Rooker-Feldman* doctrine is an adequate basis for dismissal of all of Trujillo's claims, the Court need not address the remaining arguments contained in her Objection.

### 2.   Keller's Objections

Keller[4] asserts two claims for "Deprivation of Right to liberty, dignity, ordinary civilian opportunities to work and earn a living." (Doc. # 76, ¶¶ 81-105). Judge Wang recommends dismissing Keller's claims on the ground that (1) Claim IV is time barred as to all defendants; (2) Claim V is time barred as to the Weld County Defendants; and (3) Defendants Gomolson and Hoysick are not "state actors" who can be sued under 42 U.S.C. § 1983. (Doc. # 99, pp 29-42). Keller does not dispute that his claims against Gomolson and Hoysick are barred. (Doc. # 101, pp. 9-18). Keller argues, however, that Judge Wang erred by refusing to apply the principle of equitable tolling to save his remaining claims from dismissal.[5] This argument has no merit.

"The doctrine of equitable tolling is limited to situations in which either the defendant's wrongful conduct prevented the plaintiff from asserting the claims in a

---

[4] Keller is ostensibly appearing pro se. However, all of Keller's recent pleadings have been filed and signed by counsel for Ms. Trujillo. (*See* Docs. ## 76, 89, 100). Thus, the Court is dubious about Keller's alleged pro-se status. Nevertheless, the Court will construe his pleadings liberally. *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court will not act as his advocate, and will not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997). Pro se plaintiffs must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[5] Keller attempts assert a number of other arguments, but even under an extremely liberal and generous reading, those arguments do not state any coherent basis for rejecting Judge Wang's Recommendation, and they need not be addressed here. *See United States v. 2121 East 30th Street*, 73 F.3d at 1059 (An objection is proper only if it is specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.").

timely manner or truly exceptional circumstances prevented the plaintiff from filing the claim despite diligent efforts." *Noel v. Hoover*, 12 P.3d 328, 330 (Colo. App. 2000). Keller has failed to demonstrate that either of these circumstances exist in this case. Keller's objection fails to identify any wrongful conduct by Defendants that prevented him from asserting his claims in a timely manner, and he has failed to demonstrate any "truly exceptional circumstances" that prevented him from filing his claims despite "diligent efforts." *Id*. Rather, he merely states that he "strongly disagrees" with Judge Wang's conclusion, and goes on to rehash arguments he has already made elsewhere. (Doc. # 101, p. 14). This argument is insufficient to justify application of equitable tolling.

**C.     DEFEDANTS' OBJECTION**

Finally, the Weld County Defendants request clarification that Claim V has been dismissed with prejudice. (Doc. # 100). This request is granted as to both Claim IV and Claim V. "If the statute of limitations precludes refiling, the defendant is entitled to dismissal with prejudice." *Banks v. Boeing Com. Airplane Grp.*, No. 96-1015-JTM, 1996 WL 748051, at *2 (D. Kan. Dec. 23, 1996). Further, "dismissal with prejudice is appropriate where . . . granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). Such is the case here with respect to Claims IV and V.[6] Therefore, the Court grants Defendants' request for clarification and orders that Claims IV and V are dismissed with prejudice.

---

[6] Keller has repeatedly failed, in numerous pleadings, to allege facts which would allow him to overcome the applicable statute of limitations, and the Court therefore concludes that amendment would be futile.

9

## IV. CONCLUSION

For the foregoing reasons, the Recommendation of Magistrate Judge Wang (Doc. # 99) is AFFIRMED IN PART and MODIFIED IN PART, and the Motions to Dismiss (Docs. ## 80, 81, 82, 90) are GRANTED. It is

FURTHER ORDERED that Claims I, II, and III of the Complaint are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction; Claims IV and V are DISMISSED WITH PREJUDICE. Judge Wang's Recommendation (Doc. # 99) is ADOPTED in all other respects.

The Clerk is directed to close the case.

DATED: September 20, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge